UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY ANTIONETTE ROBINSON,

    Plaintiff,

v.                                          Case No. 10-C-0369

JUDGE CHARLES N. CLEVERT,

    Defendant.

## DECISION AND ORDER

On April 28, 2010, the plaintiff, Mary Antoinette Robinson ("Robinson"), filed a pro se complaint against Chief United States District Judge Charles N. Clevert. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In making the latter determination, the court must give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Before authorizing Robinson to proceed in forma pauperis, this court must determine if the litigant would be unable to pay the costs of commencing this action and still provide for herself and for her dependents the "necessities of life." *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987). Additionally, where the litigant cannot pay the full filing fee but is economically able to pay a portion thereof, it is within this court's discretion to order a partial payment of the filing fee while

waiving the remainder. *Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir. 1987) (citing *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980)).

In her petition and affidavit for leave to proceed in forma pauperis, Robinson states that currently, she is not employed. She owns a 1993 Buick Roadmaster. Robinson states that she does not own her own residence and that she has a cash, checking, savings, or other similar account.[1] It appears that she has no other assets. Robinson also reports that she has no monthly expenses.

Based on the foregoing, I am satisfied that Robinson is indigent for purposes of the in forma pauperis statute. That is, given her unemployed status, I am persuaded that she is unable to pay the costs of commencing this action.

However, before allowing a plaintiff to proceed without paying costs, a court must also determine that the action is not frivolous or malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous, for purposes of § 1915(e)(2)(B)(i), if there is no arguable basis for relief either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 306 (7th Cir. 1993). The court may, therefore, dismiss a claim as frivolous where it is based on an "indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). And, as stated previously, the court is to dismiss a case if the court determines that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The plaintiff alleges that Chief Judge Clevert, in prior cases that she filed, "Dismiss case's & Didn't mention Pro bono counsil at all in his decision & claims I failed to prove my case in Reason's

---

[1] The amount in this account is unknown because although the plaintiff originally noted the value to be $30.00, she placed a line through such amount without thereafter indicating the most accurate value.

2

why & I explained plain & simple as day." (Compl. at 3.) Attached to the plaintiff's complaint is a Complaint of Judicial Misconduct or Disability concerning the behavior of Chief Judge Clevert in the following cases: 10-C-0199, 10-C-0292, 10-C-0318, 09-C-1025.[2] In *Robinson v. Virginia College Online*, Case No. 10-C-0199 (E. D. Wis.), Chief Judge Clevert dismissed the plaintiff's case for failing to provide facts that, if proven, would entitle her to relief. More specifically, the plaintiff did not specify how each defendant violated her rights under federal law and did not allege facts entitling her to relief under the Freedom of Information Act. In addition, the court also held that her claims were improperly joined. Similarly, in *Robinson v. Chase Bank*, Case No. 10-C-0292 (E.D. Wis.), and in *Robinson v. Judge Adelman*, Case No. 10-C-0318 (E.D. Wis.), Chief Judge Clevert dismissed the plaintiff's cases for failing to state a claim under any federal law or the United States Constitution on which relief may be granted.

Even affording Robinson's complaint a liberal construction, the court finds that she fails to state a claim under any federal law or under the United States Constitution because the doctrine of judicial immunity protects Chief Judge Clevert from liability. The doctrine of judicial immunity confers complete immunity from suit. *See Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). "Judicial immunity extends to acts performed by the judge 'in the judge's *judicial capacity*.'" *Id.* at 661 (quoting *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989)). Thus, unless the judge has acted in the clear absence of jurisdiction, judicial actors are shielded from liability for civil damages arising out of the performance of their judicial functions. *See Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004); *Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000). Furthermore, "a judge will not be deprived of immunity even if the action was in error, was done maliciously, was in

---

[2] Chief Judge Clevert does not appear to have any involvement in Case No. 09-C-1025 (E.D. Wis.), wherein the plaintiff filed a complaint against the United States Supreme Court. United States District Judge J.P. Stadtmueller dismissed this case for failing to state any allegation against the defendant United States Supreme Court.

3

excess of his authority, and even if his exercise of authority is flawed by the commission of grave procedural errors." *Brokaw*, 235 F.3d at 1015 (internal citations omitted). Accordingly, Chief Judge Clevert is absolutely immune from suit for his rulings.

Because Robinson's complaint fails to state a claim, her motion to proceed in forma pauperis will be denied and this action will be dismissed.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's petition to proceed in forma pauperis be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**SO ORDERED** this 8th day of June 2010 at Milwaukee, Wisconsin.

**BY THE COURT**:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge